JOSEPH MURE JR. & ASSOCIATES

26 Court Street • Suite 2601 • Brooklyn, NY 11242

718.852.9100

joemurejr@aol.com

6 June 2012

Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201
VIA CM/ECF

RE: United States of America vs. John Degliuomini
Docket No. 10-CR-480-05

**MOTION TO STRIKE AND EXCLUDE FROM PRESENTENCE INVESTIGATION REPORT**

Dear Judge Weinstein,

Please be advised our offices represent the above referenced individual.

As you are aware, Mr. Degliuomini was sentenced by Your Honor on 18 November 2011 to eighteen (18) months incarceration to be followed by 3 years supervised release.

In furtherance of sentencing, the Department of Probation prepared its Presentence Investigation Report dated 11 March 2011 (the "PSR").

It has recently come to our attention that certain narrative language within the PSR unrelated to the instant offense has created onerous and unforeseeable consequences which are poised to irreparably harm Mr. Degliuomini.

Specifically, the discussion of the Defendant's Criminal History at Pg. 18 of the PSR contains reference to a 14 April 1994 arrest of Mr. Degliuomini when the defendant was 19 years of age.

As the operative Certificate of Disposition confirms, Mr. Degliuomini pled guilty on 22 September 1994 to Assault in the Third Degree and received a sentence of three (3) years of Probation. He successfully completed this Probation on 22 September 1997. Pursuant to U.S.S.G. § 4A1.2(e)(3), no guideline points were assessed in connection with this offense.

Notwithstanding the foregoing, the PSR's inclusion of the unsubstantiated arrest narrative which appeared within the Mount Pleasant Police Department's report has been interpreted by the Bureau of Prisons as this Court's imprimatur of same.

In this regard, the PSR contains the following description at ¶54

*"The above arrest appears on a National Crime Information Center (NCIC) criminal records report regarding the defendant. A copy of the Mount Pleasant Police Department arrest report reflects that the defendant was arrested on April 14, 1994, for a March 27, 1994, incident, and charged with Sexual Abuse in the First Degree. The arrest narrative indicates that a female victim reported that the defendant attempted to have sex with her on March 27, 1994, against her will, and forced the victim's shirt up, choking her as he did so. The victim also reported that the defendant bit her right nipple, which caused a laceration, for which she sought medical treatment.*

*According to the police records, the incident took place on Pace University's campus grounds, and on March 31, 1994, the defendant was suspended from Pace University pending an investigation into the incident.*

*On April 14, 1994, the defendant self-surrendered to the Mount Pleasant Police, in the company of his attorney. As verified by the Certificate of Disposition, the defendant pled guilty to Assault in the Third Degree, and was sentenced on September 22, 1994, to a term of probation.*

2

*The probation term length is not noted on in the Disposition; however, the NCIC report revealed a three-year term of probation. A response from the New York City Probation Department, where the defendant was supervised, indicates that no information could be provided, as the defendant's case file has been destroyed due to its age".*

In addition to the prejudicial impact of this eighteen year old arrest far outweighing any potential probative value, we respectfully submit that the foregoing narrative is replete with unsubstantiated and inflammatory averments which were neither proven, or allocuted to, by Mr. Degliuomini.

Indeed, despite the reality that this proceeding resulted in a misdemeanor assault disposition, the Bureau of Prisons has nonetheless interpreted the foregoing paragraph as evidence that the defendant is a sex offender and formally classified him as such.

Not only has this led to personal ridicule in his present custodial environment, consistent with Bureau of Prisons policies, Mr. Degliuomini has been advised that he is accordingly ineligible for a camp designation or certain halfway house designations.

Moreover, Mr. Degliuomini has been informed that upon his ultimate release from incarceration the Bureau of Prisons is going to notify his local Police Department resulting in his formal registration as a sex offender. This, in a community where Degliuomini is known as a doting father to his four year old daughter and two (2) year old son[1].

Based on the foregoing, we respectfully request the Court strike and exclude any and all reference in the PSR to the above described offense other than the uncontroverted factual particulars (i.e. date of arrest, offense/count, disposition and concomitant ineligibility for guideline points).

Finally, please note that we have made diligent attempts to confer with AUSA Roger Burlingame for the Government's position on this matter by email and phone since 16 May 2012 and have yet to receive anything in the way of a reply.

---

[1] As the Second Amended Statement of Reasons confirms, Mr. Degliuomini notably received a non-guideline sentence pursuant to 18 U.S.C. § 3553(a) and <u>Booker</u> predicated in part upon the fact that he was *"dedicated to his wife, children and extended family"*.

3

We thank you for your consideration in this matter.

Very truly yours,

Joseph Mure, Jr., Esq.

cc: A.U.S.A. Roger Burlingame